IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANDREW BLOCKER,                          )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )    CIVIL ACTION NO. 2:17-CV-741-WHA
                                         )                [WO]
JUDGE JAMES GLENN GOGGANS,               )
                                         )
            Defendant.                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Andrew Blocker, an indigent inmate incarcerated at the Elmore County Jail on pending

state criminal charges.[1]  In the instant complaint, Blocker complains that the state-court

judge imposed an excessive bond in his cases. Doc. 1 at 3.  Blocker requests that this

court set a reasonable bond in his state criminal cases and seeks monetary damages from

the defendant for his lost wages. Doc. 3 at 4.

Upon a thorough review of the claims set forth in the complaint, the court

concludes that this case is due to be summarily dismissed in accordance with the

provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[2]

---

[1] The court takes judicial notice of the case action summaries for Blocker's pending criminal cases as
maintained on the Alabama Trial Court System, hosted at www.alacourt.com. *See Keith v. DeKalb Cnty*,
749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the State's] Online Judicial
System."). These documents reflect that Blocker is charged with four counts of possession of obscene
materials depicting a person under the age of 17 in violation of Alabama Code § 13A-12-192(b).

[2] Upon initiation of this case, the court granted Blocker leave to proceed *in forma pauperis.* Doc. 3. A
prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28
U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to

## II. DISCUSSION

Blocker contends that the bond amount set in his pending criminal cases is excessive and seeks declaratory and injunctive relief in the form of an order for a reasonable bond amount. Blocker also requests damages from Judge James Glenn Goggans for setting the bond.

## A.     Request for Declaratory and Injunctive Relief

The state-court records indicate that the orders regarding the bond amount set in Blocker's criminal cases are not final orders. Insofar as Blocker seeks relief from any order setting bond that is not yet final, he is due no relief from this court because he has an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). As is relevant here, Blocker may request reconsideration of his bond amount by the state court, and court records reflect that a hearing on this matter is scheduled before the District Court of Elmore County on November 7, 2017. If unsuccessful in seeking a reduction of his bond amount before the trial court, Blocker may then seek relief from the state appellate court via a habeas corpus petition. *Ex parte Stokes*, 990 So. 2d 852, 856 (Ala. 2008) (internal citations omitted) ("A petition for a writ of habeas corpus [filed with the Alabama Court of Criminal Appeals] is the proper vehicle by which to challenge the setting of allegedly

_____

service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

excessive bail [or bond].").  Since state law provides an adequate remedy for Blocker to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case" relative to these orders. *Bolin*, 225 F.3d at 1243.

In light of the foregoing, the court concludes that summary dismissal of the request for declaratory and injunctive relief from orders setting bond in Blocker's criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Request for Monetary Damages**

All of the allegations made by Blocker against Judge Goggans emanate from actions taken by this defendant in his judicial capacity during state-court proceedings over which he had jurisdiction.  The law is well settled that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227–29 (1988); *Paisey v. Vitale*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  For this reason, Blocker's claims for monetary damages against Judge Goggans are "based on an indisputably meritless legal theory" and are therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The plaintiff's claims seeking declaratory and injunctive relief from orders issued by Judge James Glenn Goggans setting bond in his criminal cases be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

2.     The plaintiff's claims for monetary damages against Judge James Glenn Goggans be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

3.     This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

On or before **November 17, 2017**, the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of November, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE